Brian E. Pastuszenski (*pro hac vice application pending*)
*bpastuszenski@goodwinprocter.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax: 212.355.3333

Teodora E. Manolova (SBN 233333)
*tmanolova@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa St., 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax: 213.623.1673

Nicole L. Chessari (SBN 259970)
*nchessari@goodwinprocter.com*
Nicholas A. Reider (SBN 296440)
*nreider@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650.752.3100
Fax: 650.853.1038

*Attorneys for Defendants*
*Xoom Corporation, John Kunze,*
*and Ryno Blignaut*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK ANDREW BARRETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>XOOM CORP., JOHN KUNZE, AND RYNO BLIGNAUT,<br>Defendants. | Case No. 5:15-cv-1319<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Xoom Corporation ("Xoom"), John Kunze, and Ryno Blignaut (collectively, "Defendants"), specially appearing solely for the purpose of submitting this notice of removal and preserving and not waiving any defenses they may have based on lack of personal jurisdiction or service of process, or any other defenses, by their attorneys, hereby remove the above-captioned case pending in the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

As grounds for removal, Defendants state as follows:

1. On March 11, 2015, plaintiff Patrick Andrew Barrett ("Plaintiff") initiated this putative state court class action by filing a complaint (the "Complaint") entitled *Patrick Andrew Barrett v. Xoom Corp., et al.*, in the Superior Court of the State of California, County of San Francisco, ostensibly on behalf of all similarly-situated individuals who purchased common stock of Xoom allegedly "pursuant and/or traceable to [Xoom's] Registration Statement and Prospectus, declared effective by the SEC on February 14, 2013, issued in connection with [Xoom's] Initial Public Offering (the 'IPO')." Complaint ¶ 1. This case was assigned docket number CGC-15-544655.

2. The Complaint alleges that Xoom's February 14, 2013 Registration Statement and Prospectus contained material misstatements and/or omissions, and seeks to assert claims under Sections 11 and 15 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. §§ 77k and 77o.

3. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Northern District of California.

4. Removal of this action is timely under 28 U.S.C. § 1446(b) because this action was removed within 30 days from its initiation, and in any event, there have been no known attempts to serve Defendants.

5. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. 1446(a).

6. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of the Complaint, and the summons attached thereto.

7. All defendants join in this Notice of Removal, and all consent thereto.

8. Defendants will promptly serve a copy of the Notice of Removal on Plaintiff's counsel and file with the Clerk of the Superior Court of the State of California, County of San Francisco, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

9. This Court has original subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 in that the Complaint asserts claims based upon, and this action thus arises under, the statutory laws of the United States. As such, this action is removable under 28 U.S.C. § 1441(a).

10. All requirements for such jurisdiction are met.

11. A district court has jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A case "arises under" federal law where either (i) federal law creates a cause of action; or (ii) "the vindication of a right under state law necessarily turn[s] on some construction of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). The present case arises under federal law because the cause of action Plaintiff seeks to assert is created by federal law.

12. Conversely, the state courts do not have subject matter jurisdiction over this action. More specifically, Plaintiff has filed a putative class action asserting claims for alleged violations of the 1933 Act on behalf of "thousands" of Xoom shareholders. Complaint ¶ 25. Accordingly, this lawsuit is a "covered class action" as defined in Section 16(f)(2)(A) of the 1933 Act. Section 16(f)(2)(A) defines a "covered class action" as any "single lawsuit in which (I) damages are sought on behalf of more than 50 persons or prospective class members." 15 U.S.C. § 77p(f)(2)(A)(i)(I). In 1998, as part of Congress' efforts to ensure that the federal courts would be the exclusive venue for litigation of securities class action claims, Congress amended the jurisdictional provision of the 1933 Act (Section 22(a)) to divest state courts of subject matter jurisdiction over "covered class actions." Section 22(a) previously had conferred upon state courts concurrent jurisdiction over all suits asserting claims under the 1933 Act. But in 1998, Congress amended Section 22(a)'s grant of subject matter jurisdiction to remove concurrent jurisdiction over "covered class actions." *See* 15 U.S.C. § 77v(a) (1998). As amended, Section 22(a) now provides:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . and concurrent with State and Territorial courts,

> ***except*** as provided in section 77p of this title [i.e., Section 16,] ***with respect to covered class actions*** . . . .

*Id.*[1]

13. Because the federal courts (and not the state courts) have original subject matter jurisdiction over this federal question case, it is properly removable to this Court under 28 U.S.C. § 1441(a). *See, e.g.*, *Lapin v. Facebook, Inc.*, No. C–12–3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims"); *In re Fannie Mae Sec. Lit.*, No. 08-cv-7831-PAC, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009) ("federal courts have exclusive jurisdiction over covered . . . class actions alleging claims under the 1933 Act"); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("the exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction" such that "federal courts alone have jurisdiction to hear them"); *Pinto v. Vonage Holdings Corp.*, Civ. A. No. 07-0062 (FLW), 2007 WL 1381746, at *2 (D.N.J. May 7, 2007) (holding that § 22(a) of the 1933 Act "divest[s] state courts of concurrent jurisdiction over covered class actions").

Based upon the foregoing, Defendants respectfully submit that this Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a), and the claims may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, this action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.

---

[1] Likewise, Section 22(a) previously provided that no 1933 Act claims filed in state court could be removed to federal court. In conjunction with Congress' amendment in 1998 of Section 22(a)'s jurisdictional provision to divest state courts of concurrent jurisdiction over "covered class actions" like the present case, Congress also amended this removal bar provision, which now bars the removal of 1933 Act suits only if filed in a "State court of competent jurisdiction." Because state courts no longer have subject matter jurisdiction over "covered class actions," they are not "courts of competent jurisdiction" in regard to "covered class actions," and, thus, Section 22(a)'s removal bar does not apply to the removal of "covered class actions."

Dated: March 20, 2015

Respectfully submitted,

**GOODWIN PROCTER LLP**

By: */s/ Teodora E. Manolova*

Brian E. Pastuszenski (*pro hac vice application pending*)
Teodora E. Manolova (SBN 233333)
Nicole L. Chessari (SBN 259970)
Nicholas A. Reider (SBN 296440)

*Attorneys for Defendants Xoom Corporation, John Kunze, and Ryno Blignaut*

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Three Embarcadero Center, 24th Floor, San Francisco, CA 94111.

On **March 20, 2015**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

## NOTICE OF REMOVAL

Glancy Binkow & Goldberg LLP
Lionel Z. Glancy
Robert V. Prognay
1925 Central Park East, Suite 2100
Los Angeles, CA 90067

*Counsel for Plaintiff Patrick Andrew Barrett*

Pomerantz LLP
Jeremy A. Lieberman
Francis P. McConville
600 Third Avenue, 20th Floor
New York, NY 10016

Pomerantz LLP
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603

☑ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☑ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **March 20, 2015**, at San Francisco, California.

| | |
|---|---|
| Laura A Weaver | [signature] |
| (Type or print name) | (Signature) |