UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDER LIU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XOOM CORPORATION, et al.,<br><br>Defendants. | Case No. 15-CV-00602-LHK<br><br>**ORDER GRANTING MOTION TO REMAND** |
| PATRICK ANDREW BARRETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>XOOM CORPORATION, et al.,<br><br>Defendants. | Related Case No. 15-CV-01319-LHK |

Plaintiff Alexander Liu ("Plaintiff") brings a putative securities class action against Xoom Corporation ("Xoom"), John Kunze, and Ryno Blignaut (collectively, "Defendants"). ECF No. 1-1 ("Compl.") ¶¶ 1, 6-9. Before the Court is Plaintiff's motion to remand this action to San Francisco County Superior Court. ECF No. 10 ("Mot."). Defendants oppose the motion, ECF No. 15 ("Opp."), and Plaintiff has replied, ECF No. 16 ("Reply").

1

The Court finds this matter suitable for decision without oral argument under Civil Local Rule 7-1(b) and hereby VACATES the motion hearing and initial case management conferences set for July 2, 2015, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motion to remand.

On March 26, 2015, the Court granted the parties' motion to relate *Barrett v. Xoom Corp.*, No. 15-CV-01319, to *Liu v. Xoom Corp.*, No. 15-CV-00602. ECF No. 14. Pursuant to the parties' stipulation, the Court's ruling on the instant motion to remand applies to both the *Liu* action and the related *Barrett* action. *Id.* at 2. All ECF references are to the *Liu* action.

## I. BACKGROUND

Plaintiff brings a putative securities fraud class action on behalf of all persons who purchased or otherwise acquired the common stock of Xoom pursuant or traceable to Xoom's Registration Statement and Prospectus, declared effective by the Securities and Exchange Commission ("SEC") on February 14, 2013, and issued in connection with Xoom's initial public offering ("IPO"). Compl. ¶ 1. Plaintiff's complaint asserts two causes of action, both of which arise under the Securities Act of 1933 (the "Securities Act"). *Id.* ¶ 2. Specifically, Plaintiff alleges violations of (1) section 11 of the Securities Act, *id.* ¶¶ 29-35; and (2) section 15 of the Securities Act, *id.* ¶¶ 36-41. Plaintiff alleges no state law causes of action.

Plaintiff originally filed suit on January 6, 2015, in San Francisco County Superior Court. *See* Compl. Service was attempted on January 8, 2015, and January 15, 2015. ECF No. 1 at 1. Defendants continue to dispute whether service was proper. *See id.* at 1 n.1.

On February 6, 2015, Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(a), which authorizes removal "[e]xcept as otherwise expressly provided by Act of Congress." On February 27, 2015, Plaintiff filed the instant motion to remand. Mot. at 9. Defendants opposed the motion on March 30, 2015. Opp. at 23. Plaintiff replied on April 6, 2015. Reply at 10.

## II.     LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). This "strong presumption against removal jurisdiction" means that a defendant ordinarily "has the burden of establishing that removal is proper." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

## III.    DISCUSSION

The parties agree that, because there is no diversity of citizenship, federal question jurisdiction under 28 U.S.C. § 1331 provides the only basis for the Court to have subject matter jurisdiction in this case. ECF No. 1 at 2; *see Caterpillar*, 482 U.S. at 392 ("Absent diversity of citizenship, federal-question jurisdiction is required."). The parties also agree that Plaintiff's complaint, which alleges solely federal law claims, arises under federal law for purposes of 28 U.S.C. § 1331.

A civil action that originally could have been brought in federal court may be removed from state court to federal court, "[e]xcept as otherwise expressly provided by Act of Congress."

28 U.S.C. § 1441(a). "[Section 77v(a)] of the Securities Act of 1933 provides such an express exception to removal." *Luther*, 533 F.3d at 1034. For years, this antiremoval provision stated: "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (1997). The Securities Act also contained a jurisdictional provision allowing for concurrent jurisdiction over Securities Act claims in both state and federal courts: "The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." *Id.*

In 1998, Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA"), which amended both the jurisdictional and antiremoval provisions of the Securities Act. Section 77v(a) now reads, in relevant part:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphases added).

Section 77p(c), which SLUSA also added, is titled "Removal of covered class actions." It states:

> Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, *and shall be subject to subsection (b)*.

15 U.S.C. § 77p(c) (emphases added). Section 77p(b), another SLUSA addition, is titled "Class action limitations." This provision says:

> No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging—
> 
>  (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

4
Case Nos. 15-CV-00602-LHK; 15-CV-01319-LHK
ORDER GRANTING MOTION TO REMAND

>    (2) that the defendant used or employed any manipulative or deceptive device
>        or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (emphasis added).

Lastly, as relevant here, SLUSA added a provision defining "covered class actions" to include "any single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A)(i). The parties do not dispute that this lawsuit qualifies as a "covered class action" as defined in the Securities Act. *See* Opp. at 8. Rather, what they dispute is whether the above provisions, taken together, prohibit the removal of securities fraud class actions like the present one that raise claims *only* under the federal Securities Act and not under state law.

In the Court's view, Plaintiff has the better of the argument. "As with any question of statutory interpretation," the Court's "analysis begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). By its plain language, the exception to section 77v(a)'s antiremoval provision applies only to "covered class action[s] . . . as set forth in subsection (b)." 15 U.S.C. § 77p(c). Subsection (b), in turn, applies only to "class action[s] based upon the statutory or common law of any State." *Id.* § 77p(b). As Plaintiff asserts only federal Securities Act claims, and no claims under state law, the antiremoval exception does not apply. Accordingly, section 77v(a)'s provision barring removal of "case[s] arising under this subchapter" prohibits Defendants from removing the instant lawsuit to federal court. *Id.* § 77v(a).

In so holding, the Court joins what "appears to be emerging as the dominant view around the country." *Plymouth Cnty. Ret. Sys. v. Model N, Inc.*, No. 14-CV-04516-WHO, 2015 WL 65110, at *3 (N.D. Cal. Jan. 5, 2015). Although district courts had previously been split on the question, "not a single district court in any district has denied remand since August 2012." *Id.*; *see, e.g.*, *Rosenberg v. Cliffs Natural Res., Inc.*, No. 1:14CV1531, 2015 WL 1534033, at *3-4 (N.D. Ohio Mar. 25, 2015) (granting remand); *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK PJWX, 2014 WL 4330787, at *8 (C.D. Cal. Aug. 21, 2014) (same); *Niitsoo v. Alpha Natural Res., Inc.*, 902 F. Supp. 2d 797, 807 (S.D. W. Va. 2012) (same). This district is no exception. *See*

*Plymouth*, 2015 WL 65110, at *4 (granting remand); *Desmarais v. Johnson*, No. C 13-03666 WHA, 2013 WL 5735154, at *5 (N.D. Cal. Oct. 22, 2013) (same); *Toth v. Envivo, Inc.*, No. C 12-5636 CW, 2013 WL 5596965, at *2 (N.D. Cal. Oct. 11, 2013) (same); *Reyes v. Zynga Inc.*, No. C 12-05065 JSW, 2013 WL 5529754, at *4 (N.D. Cal. Jan. 23, 2013) (same). Far from the "emerging trend" Defendants describe in their opposition brief, Defendants' position has been soundly rejected in recent years. Opp. at 3 (quoting *In re Fannie Mae 2008 Sec. Litig.*, No. 08 CIV. 7831 (PAC), 2009 WL 4067266, at *1 (S.D.N.Y. Nov. 24, 2009)).

Although the appellate courts have not squarely addressed whether remand is required under section 77v(a) for covered class actions asserting only federal claims under the Securities Act, dicta from both the U.S. Supreme Court and Ninth Circuit provide additional support for this Court's conclusion. In *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), the U.S. Supreme Court considered whether a decision to remand a case removed under SLUSA is appealable despite 28 U.S.C. § 1447(d)'s mandate that "[a]n order remanding a case to the State court from which it was removed is not reviewable," except in certain limited circumstances. *Id.* at 636. In ruling that such orders may not be appealed, the U.S. Supreme Court endorsed Plaintiff's reading of the section 77p(c) exception to the Securities Act's antiremoval provision. Indeed, the *Kircher* Court interpreted the "authorization for the removal in [section 77p(c)], on which the District Court's jurisdiction depends, as confined to cases 'set forth in subsection (b).'" *Id.* at 642. In other words, "removal jurisdiction under subsection (c) is understood to be *restricted to* precluded actions defined by subsection (b)." *Id.* at 643-44 (emphasis added). "If the action is precluded [under section 77p(b)], neither the district court nor the state court may entertain it, and the proper course is to dismiss." *Id.* at 644. "If," however, "the action is not precluded"—say, because the action, like here, is *not* "based upon the statutory or common law of any State," 15 U.S.C. § 77p(b)—then "the proper course is to remand to the state court that can deal with it." *Kircher*, 547 U.S. at 644. The Court agrees with the growing chorus of district courts that the U.S. Supreme Court's interpretation of section 77p(c), though dicta, "is nevertheless highly persuasive." *Plymouth*, 2015 WL 65110, at *3; *accord Rajasekaran*, 2014 WL 4330787, at *4;

6

*see also Niitsoo*, 902 F. Supp. 2d at 803 ("The statements in *Kircher* are not merely relevant dicta from which a lower court can draw parallels in reasoning—these are particularly strong dicta that address the exact issue of statutory interpretation that is before [the court] today, and that has been before the dozens of district courts that have performed similar analyses in the past.").[1]

The Ninth Circuit, moreover, has provided its own dicta reinforcing the Court's conclusion. For instance, in *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009), the Ninth Circuit considered whether the plaintiff's complaint was "precluded by § 77p(b) of SLUSA." Before addressing that question, the *Madden* Court analyzed the relationship between section 77p(b) and section 77p(c):

> To prevent actions precluded by SLUSA from being litigated in state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded. As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and *any suit not precluded is not removable*.

*Id.* at 964-65 (emphasis added) (footnote omitted) (citing *Kircher*, 547 U.S. at 644). Echoing *Kircher*, the Ninth Circuit explained: "If a federal court determines that an action is not precluded, it 'has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.'" *Id.* at 965 (quoting *Kircher*, 547 U.S. at 644).

Similarly, in *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033 (9th Cir. 2008), the Ninth Circuit emphasized that section 77v(a)'s antiremoval provision "strictly forbids the removal of cases brought in state court and asserting claims under the [Securities] Act." Thus, "by virtue of [section 77v(a)]," the plaintiff's "state court class action alleging only violations of the Securities Act of 1933 was not removable." *Id.* at 1034.

In light of these authorities, Defendants' counterarguments are unconvincing. For example, Defendants contend that the decisions granting remand "fail to address and explain"

---

[1] Defendants offer a competing interpretation of *Kircher*. *See* Opp. at 15-17. Suffice it to say that, as far as the Court is aware, no district court has adopted Defendants' novel reading of that decision.

SLUSA's amendment to section 77v(a)'s jurisdictional provision. Opp. at 11. This argument, however, amounts to little more than disagreement with the analysis in those decisions. *See id.* at 12 (criticizing "the reading given to [section 77v(a)] by these . . . cases" as "unnatural and incorrect"). Judge Orrick recently found the same. *See Plymouth*, 2015 WL 65110, at *4 ("Defendants' contention that decisions granting remand 'do not adequately address' the SLUSA amendment to the Security Act's jurisdictional provision amounts to mere disagreement with the analysis in those decisions.").

Furthermore, the legislative history Defendants cite is hardly overwhelming, *see* Opp. at 19-21, particularly in light of the considerable legislative history cited by Plaintiff (and numerous other courts) that supports remand, *see* Mot. at 7-9; *see also Desmarais*, 2013 WL 5735154, at *5 (describing SLUSA's legislative history as "murky" and quoting legislative statements in support of both parties' interpretations of the SLUSA amendments); *Reyes*, 2013 WL 5529754, at *3 (same). As the Supreme Court explained in *Kircher*, "legislative history tends to show that" Plaintiff's interpretation of section 77p(c) is "just what Congress understood." 547 U.S. at 642-43 (citing S. Rep. No. 105-182, at 8 (1998) (section 77p(c) "provides that any class action described in Subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provisions of subsection (b)"); H.R. Rep. No. 105-640, at 16 (1998) (same)). Faced with inconsistent legislative history, the Court is compelled to remand because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus*, 980 F.2d at 566.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion to remand and ORDERS that *Liu v. Xoom Corp.*, No. 15-CV-00602, and *Barrett v. Xoom Corp.*, No. 15-CV-01319, be remanded to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

8

Case Nos. 15-CV-00602-LHK; 15-CV-01319-LHK
ORDER GRANTING MOTION TO REMAND

Dated: June 25, 2015

_____
LUCY H. KOH
United States District Judge